IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Jason Brooks, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   1:13-cv-172 |
| Main Street Acquisition Corp., LLC, a Nevada corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Jason Brooks, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the law, and alleges:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3.   Plaintiff, Jason Brooks ("Brooks"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a CitiFinancial Auto Loan.

4.      Defendant, Main Street Acquisition Corp, ("Main Street"), is a Nevada corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, Main Street was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant is authorized to conduct business in Indiana and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Main Street conducts business in Indiana.

6.      Although Defendant Main Street acts as a collection agency in Indiana, it is not licensed to do so, see, records from the Indiana Secretary of State, Securities Division, attached as Exhibit B.

## FACTUAL ALLEGATIONS

7.      On July 24, 2007, Mr. Brooks and his wife filed a Chapter 7 bankruptcy petition in a matter styled In re: Brooks, S.D. Ind. Bankr. No. 07-06913-FJO-7.  Among the debts listed on Schedule F of Mr. Brook's bankruptcy petition was a debt he allegedly owed to CitiFinancial Auto for the purchase of a car, see, excerpt of bankruptcy petition, attached as Exhibit C.

8.      On July 27, 2007, CitiFinancial Auto was sent notice of Mr. Brooks' bankruptcy filing, via electronic transmission from the bankruptcy court, see, the Certificate of Service to the 341 Meeting Notice to Creditors, which is attached as Exhibit D.

9.      On November 8, 2007, Mr. Brooks' was granted discharge of his debts by

the bankruptcy court, and on November 9, 2007, CitiFinancial Auto was sent notice of Mr. Brooks' discharge via electronic transmission from the bankruptcy court, see, the Certificate of Service to the Discharge Order, which is attached as Exhibit E.

10. In preparation for buying a house, on or about January 9, 2013, Mr. Brooks checked his credit report and saw that Defendant Main Street was now the alleged owner of the CitiFinancial debt and had reported to Experian that he owed a balance of $6,833.00, on an account that was opened August, 2012, and that the account was "Seriously Past Due." See, excerpt from Mr. Brooks' January 9, 2013 Credit Report, which is attached as Exhibit F.

11. Defendant Main Street's credit report to Experian is materially false and has prevented Mr. Brooks from qualifying for a mortgage.

12. Credit reporting constitutes debt collection activity, as does the buying of defaulted consumer debts. Defendant Main Street knew or should have known of Mr. Brooks bankruptcy because it is listed on his credit report, is in the files of the original creditor that it succeeded and is a matter of public record.

13. Defendant Main Street was required by the Indiana Collection Agency Act, IC § 25-11-1, et seq., to be licensed as a collection agency to buy Mr. Brooks' CitiFinancial Auto debt and to try and collect this debt in Indiana; however, Defendant Main Street was not licensed as a collection agency in Indiana.

14. Moreover, under Indiana law, IC § 26-1-2-725, the debt at issue is also time-barred by the statute of limitations for the sale of goods.

15. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

16.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Collecting Upon A Debt That Is Not Owed

17.     Plaintiff adopts and realleges ¶¶ 1-16.

18.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).  Moreover, debt collectors are also prohibited from taking actions that they cannot legally take, see, 15 U.S.C. § 1692 e(5).  Further, also prohibited is the communicating to any person of credit information which is known, or should be known, to be false, see, 15 U.S.C. § 1692e(8).

19.     Attempting to collect upon a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA.  See, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

20.     Moreover, by reporting to Experian that Mr. Brooks owed $6,833 for an account opened in August, 2012, which was actually a discharged and time-barred debt, Defendant further violated § 1692e of the FDCPA.

21.     Defendant's violations of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692e Of The FDCPA --
## Acting As A Collection Agency When Not Licensed As Such

22. Plaintiff adopts and realleges ¶¶ 1-16.

23. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

24. Defendant Main Street's buying, attempting to collect upon, and credit reporting of a defaulted consumer debt in Indiana, when it was unlicensed and thus had no right to do so, violates § 1692e of the FDCPA.

25. Defendant's violations of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jason Brooks, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Brooks, and against Defendant, Main Street, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jason Brooks, demands trial by jury.

                                                Jason Brooks,

                                                By:/s/ David J. Philipps_____
                                                One of Plaintiff's Attorneys

Dated: January 30, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com